**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    11

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Chieftain Sand and Proppant, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 35-2431729 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 331 27th Street<br>New Auburn, WI 54757-8757 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Barron | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    www.chieftainsand.com

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  Chieftain Sand and Proppant, LLC
_____
        Name

Case number (if known) _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   1446

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| Debtor | Chieftain Sand and Proppant Barron, LLC | Relationship | Subsidiary |
|---|---|---|---|
| District | Delaware | When | Case number, if known |

| Debtor | Chieftain Sand and Proppant, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
  Number, Street, City, State & ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   Chieftain Sand and Proppant, LLC
             Name

Case number (if known) _____

████ Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1 / 9 / 2017
              MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Title   Chief Executive Officer

Victor A. Serri
Printed name

---

**18. Signature of attorney**

X _____         Date   1 / 9 / 2017
Signature of attorney for debtor                    MM / DD / YYYY

Howard A. Cohen DE
Printed name

Gibbons P.C.
Firm name

300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone   302-518-6300        Email address   hcohen@gibbonslaw.com

4082   ~ DE
Bar number and State

**CHIEFTAIN SAND AND PROPPANT, LLC**
**CHIEFTAIN SAND AND PROPPANT BARRON, LLC**

**OFFICER'S CERTIFICATE**

January __, 2017

The undersigned, being the duly elected, qualified and acting Chief Executive Officer of Chieftain Sand and Proppant, LLC, a Delaware limited liability company ("*Parent*"), on behalf of Parent and in Parent's capacity as the sole member of Chieftain Sand and Proppant Barron, LLC, a Wisconsin limited liability company ("*Subsidiary*"), does hereby certify as of the date hereof as follows:

1. As of the date hereof I am the keeper of the company records of Parent and Subsidiary.

2. Attached hereto as <u>Exhibit A</u> is a true and complete copy of resolutions adopted by consent of the members of the Board of Managers of Parent creating a Special Committee. These resolutions have not been modified, rescinded or amended and are in full force and effect on the date hereof.

3. Attached hereto as <u>Exhibit B</u> is a true and complete copy of resolutions adopted by the members of the Special Committee authorizing, among other things, the filing of petitions under Chapter 11 of the United States Bankruptcy Code for each of Parent and Subsidiary and the execution and delivery of a debtor in possession credit agreement and all other loan documents ancillary thereto. These resolutions have not been modified, rescinded or amended and are in fully force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned, has signed this Officer's Certificate in the capacity stated above as of the ___ day of January, 2017.

_____
Victor Serri

## Exhibit A

Resolutions - Special Committee

[*See attached.*]

## CHIEFTAIN SAND AND PROPPANT, LLC
## WRITTEN CONSENT OF CLASS C MEMBERS AND
## WRITTEN CONSENT OF MANAGERS
## ESTABLISHING A SPECIAL RESTRUCTURING COMMITTEE

WHEREAS, the Board of Managers (the "Board") of Chieftain Sand and Proppant, LLC (collectively with its subsidiary, the "Company") has, for several months, been considering restructuring options;

WHEREAS, the Board engaged independent insolvency counsel and engaged Tudor Pickering Holt Co. ("TPH") to act as the Company's investment banker in identifying a going concern buyer and a provider of "DIP" financing in the event of the commencement of a case under chapter 11 of the United States Bankruptcy Code;

WHEREAS, pursuant to the Company's limited liability company agreement (the "Operating Agreement") the Board is comprised of five members, three of whom are designees of the Class C Members, and two of whom (the "Chieftain Managers") are designees of the Class A Members;

WHEREAS, each of the Class C Members and Class A Members are holders of debt of the Company;

WHEREAS, the Board has determined that all of its current members have conflicting interests, and following consultation with insolvency counsel, the Board has further determined that it is in the best interests of the Company and all of its stakeholders to form a Special Restructuring Committee of the Board (the "Special Committee") to evaluate the current restructuring options available to the Company and the Company's continuing relationship with TPH, and to make a determination of how the Company should proceed with a restructuring, or if a restructuring in the interest of the enterprise is not feasible, the wind-down of the Company;

WHEREAS, the Board has further determined that the creation of the Special Committee is the prudent means of assuring that the options available to the Company are evaluated in a manner intended to be fair to all stakeholders;

WHEREAS, the Operating Agreement provides that the Company's Board shall have the same rights, duties and obligations with respect to the Company as a board of directors of a corporation under the Delaware General Corporation Law ("GCL");

WHEREAS, the GCL provides for the creation of special committees by a board of directors;

WHEREAS, the Members have determined that to facilitate the creation of the Special Committee, Victor Serri and Timothy G. Becker shall be a Manager designee of the Class A

Members and the Class C Members, respectively, replacing David Hanson and Matthew
Delaney, as Managers;

WHEREAS, the reconstituted Board consisting of Russell Driver, Peter Labbat, Trent
Kososki, Victor Serri and Timothy G. Becker desires to formalize the creation of the Special
Committee;

NOW, THEREFORE, BE IT RESOLVED BY THE CLASS A MEMBERS, that Victor
Serri be and is hereby selected as a Chieftain Manager, replacing David Hanson, who has
previously resigned as a Manager;

NOW, THEREFORE, BE IT RESOLVED BY THE CLASS C MEMBERS, that
Timothy G. Becker be and are hereby selected as a Manager, replacing Matthew Delaney as a
designee of the Class C Members; and,

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD, that the Special
Committee of the Board be, and it hereby is, created, which Special Committee shall consist of
Victor Serri and Timothy G. Becker, who are hereby appointed to the Special Committee;

RESOLVED FURTHER, that the Board has determined that neither Mr. Serri nor Mr.
Becker has any personal interests that would conflict with such individual's ability to make
determinations with respect to a potential restructuring or alternatives thereto in an independent
and impartial manner;

RESOLVED FURTHER, that the Special Committee be, and hereby is, authorized,
empowered, charged and directed to continue the investigation of all strategic options available
to the Company with respect to a restructuring of the Company's enterprise as a going concern or
a wind-down of the enterprise, to make decisions and take all actions in connection with the
foregoing as the Special Committee deems appropriate and in the best interests of the Company;

RESOLVED FURTHER, that if the Company commences a case under chapter 11 of the
United States Bankruptcy Code, the Special Committee shall act as the Board of Managers
during the pendency of such case;

RESOLVED FURTHER, that the Special Committee shall undertake, direct, and oversee
any action necessary to carry out its charge;

RESOLVED FURTHER, that the Special Committee is vested with the full authority of
the Board to take any such action(s), to the extent the Special Committee deems, in its sole
discretion, such action(s) to be in the best interests of the Company and an appropriate exercise
of the Special Committee members' respective fiduciary duties owed to the Company, including
approving a sale of the Company's assets; authorizing a filing under the United States
Bankruptcy Code, approving DIP financing, or approving a plan of reorganization or a plan of
liquidation, in each case, taking into account the Company's current cash flow and liquidity

positions, the events of default that have occurred and are continuing under the Company's secured credit facility, and the resulting acceleration of all obligations under such secured credit facility and related loan documents;

RESOLVED FURTHER, the Special Committee have the authority to approve the expenditure of Company funds in connection with the foregoing without any additional approval by any Member of the Company; and

RESOLVED FURTHER, that the Special Committee has the authority to engage such advisors as the Special Committee shall deem necessary or desirable in order to carry out its charge.

Dated: October 31, 2016

**CLASS A MEMBERS**

DH HOLDINGS, INC.

By:_____
    Name: David Hanson
    Title:

REDLOH SAND, INC.

By:_____
    Name: Russell Driver
    Title:

[*Additional Signatures Follow*]

25055502 114307-93983

positions, the events of default that have occurred and are continuing under the Company's secured credit facility, and the resulting acceleration of all obligations under such secured credit facility and related loan documents:

RESOLVED FURTHER, the Special Committee have the authority to approve the expenditure of Company funds in connection with the foregoing without any additional approval by any Member of the Company; and

RESOLVED FURTHER, that the Special Committee has the authority to engage such advisors as the Special Committee shall deem necessary or desirable in order to carry out its charge.

Dated:  October 31, 2016

**CLASS A MEMBERS**

DH HOLDINGS, INC.

By: _____
   Name:  David Hanson
   Title:  *Member*

REDLOH SAND, INC.

By: _____
   Name:  Russell Driver
   Title:

*[Additional Signatures Follow]*

2505580.2 114307-93983

**CLASS C MEMBERS:**

ECP MEZZANINE (CHIEFTAIN) CORP.

By:_____
  Name:  Peter Labbat
  Title:  Vice President and Secretary

ECP MEZZANINE B (CHIEFTAIN I IP), LP

By:    Energy Capital Partners Mezzanine GP, LP
       its General Partner

By:    Energy Capital Partners Mezzanine, LLC
       its General Partner

By:_____
  Name:  Peter Labbat
  Title:  Managing Member

ECP MEZZANINE B (CHIEFTAIN II IP), LP

By:    Energy Capital Partners Mezzanine GP, LP
       its General Partner

By:    Energy Capital Partners Mezzanine, LLC
       its General Partner

By:_____
  Name:  Peter Labbat
  Title:  Managing Member

ECP MEZZANINE B (CHIEFTAIN III IP), LP

By:   Energy Capital Partners Mezzanine GP, LP
      its General Partner

By:   Energy Capital Partners Mezzanine, LLC
      its General Partner

By:_____
    Name:  Peter Labbat
    Title:  Managing Member

ECP MEZZANINE B (CHIEFTAIN IV IP), LP

By:   Energy Capital Partners Mezzanine GP, LP
      its General Partner

By:   Energy Capital Partners Mezzanine, LLC
      its General Partner

By:_____
    Name:  Peter Labbat
    Title:  Managing Member

ECP MEZZANINE B (CHIEFTAIN V IP), LP

By:   Energy Capital Partners Mezzanine GP, LP
      its General Partner

By:   Energy Capital Partners Mezzanine, LLC
      its General Partner

By:_____
    Name:  Peter Labbat
    Title:  Managing Member

**MANAGERS:**

_____
Russell Driver

_____
Peter Labbat

_____
Trent Kososki

_____
Victor Serri

_____
Timothy G. Becker

2505580.2
114307-93983

**MANAGERS:**

_____
Russell Driver

_____
Peter Labbat

_____
Trent Kososki

_____
Victor Serri

_____
Timothy G. Becker

**MANAGERS:**

_____
Russell Driver


_____
Peter Labbat


_____
Trent Kososki


_____
Victor Serri


_____
Timothy G. Becker

2505580.2  114307-93983

**MANAGERS:**

_____
Russell Driver

_____
Peter Labbat

_____
Trent Kososki

_____
Victor Serri

_____
Timothy G. Becker

2505580.2  114307-93083

## Exhibit B

Resolutions - Chapter 11 Cases and DIP Financing

[*See attached.*]

WHEREAS, the Special Committee has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, and the market for the Company's services;

WHEREAS, the Special Committee has received, reviewed and considered the recommendations of senior management of the Company and the Company's legal, financial other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code;

NOW, THEREFORE, BE IT:

RESOLVED that, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, and its creditors, members and other interested parties, that voluntary petitions be filed by the Company under the provisions of Chapter 11 of Title 11 of the United States Code;

RESOLVED FURTHER that, Victor A. Serri, Chief Executive Officer, and Steven Hofkes, Controller (each, an "Officer") of the Company be, and hereby are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem necessary or proper to obtain such relief;

RESOLVED FURTHER that the law firm of Gibbons P.C. be employed as general bankruptcy counsel to the Company to represent and assist the Company in carrying out the Company's duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 proceeding, and in connection therewith, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain services of Gibbons P.C.;

RESOLVED FURTHER that Eisner Amper LLP be retained as financial advisors to the Company, and in connection therewith, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain services of a qualified financial advisor/accountants;

RESOLVED FURTHER that Tudor Pickering Holt Co. be retained as investment bankers to the Company, and in connection therewith, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain services of a qualified investment banker;

RESOLVED FURTHER that the Officers of the Company be, and they are hereby authorized and directed to employ any other individual and/or firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out the Company's duties under Title 11 of the United States Code, and in connection therewith, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, and to cause to be filed an appropriate application for authority to retain the services of such firms;

RESOLVED FURTHER that the Officers of the Company be, and they are hereby authorized and empowered to obtain post-petition financing according to terms negotiated, or to be negotiated, by management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers of the Company are hereby authorized and directed to execute such loan agreements, cash collateral agreements, security agreements, mortgages, and related ancillary documents, as they deem appropriate, in their discretion;

RESOLVED FURTHER that the Officers of the Company be, and they are hereby authorized and empowered to take or cause to be taken any and all actions, to enter into an asset purchase agreement with a "stalking horse" purchaser of the Company's business and assets, and execute and file any and all documentation or pleadings, including but not limited to pleadings seeking court approval to sell all, substantially all, or specific assets of the Company by way of auction, or otherwise, pursuant to the applicable provisions of the Bankruptcy Code, and as further appropriate in furtherance of a plan of reorganization;

RESOLVED FURTHER that the Officers of the Company be, and they are hereby authorized and empowered for, in the name of, and on behalf of the Company, to open such new bank accounts as may be necessary or appropriate during the course of the Chapter 11 case including certifying as to the adoption of standard new account resolutions as may be required by any financial institution;

RESOLVED FURTHER that the Officers of the Company be, and they are hereby authorized and empowered for, in the name of, and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

RESOLVED FURTHER that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and members of the Special

Committee of the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respect confirmed, approved and ratified;

RESOLVED FURTHER that the forgoing powers and authorizations shall continue in full force and effect until revoked in writing by the Special Committee; and

RESOLVED FURTHER that this consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

**Fill in this information to identify the case:**

Debtor name    Chieftain Sand and Proppant, LLC

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1/9/2017            X _____
                                      Signature of individual signing on behalf of debtor

                                      Victor A. Serri
                                      Printed name

                                      Chief Executive Officer
                                      Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Chieftain Sand and Proppant, LLC |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Chris Wright 106 Alta Vista Avenue Mill Valley, CA 94941 | chris@skyartllc.com | Subordinated Debt | | | | $184,611.00 |
| Jim Powers 2411 S. Columbine Street Denver, CO 80210 | jim@powersnd.com | Subordinated Debt | | | | $92,338.00 |
| Scott Peters/PV Partners Three Harbor Drive #213 Sausalito, CA 94965 | speters@twinds.net | Subordinated Debt | | | | $92,338.00 |
| Robert Scannell/Feehan Partners Three Harbor Drive #213 Sausalito, CA 94965 | rscannell@twinds.net | Subordinated Debt | | | | $92,305.00 |
| John Potter 115 Drakefield Road London, UK | john.potter@strategyand.pwc.com | Subordinated Debt | | | | $92,254.00 |
| Jon Cummings P.O. Box 7 New Vernon, NJ 07976 | jon_cummings@mckinsey.com | Subordinated Debt | | | | $92,254.00 |
| Grant Whiteside 1120 E. Tuffs Avenue Englewood, CO 80113 | gwhiteside1@mac.com | Subordinated Debt | | | | $92,174.00 |
| Jim Hillary 7 Churchhill Drive Englewood, CO 80113 | jhillary@icapllc.net | Subordinated Debt | | | | $92,162.00 |
| Lane Hamilton 30276 Telluride Lan Evergreen, CO 80439 | lrh308@gmail.com | Subordinated Debt | | | | $92,162.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Chieftain Sand and Proppant, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Ernst Von Metzch 125 Wildwood Gardens Oakland, CA 94611 | roland@cambrianfunds.com | Subordinated Debt | | | | $83,244.00 |
| Roland Von Metzch 125 Wildwood Gardens Oakland, CA 94611 | roland@cambrianfunds.com | Subordinated Debt | | | | $83,244.00 |
| Neal Jacobs 18 Cove Road Belvedere Tiburon, CA 94920 | neal@cambrianfunds.com | Subordinated Debt | | | | $18,499.00 |

# United States Bankruptcy Court
## District of Delaware

In re   Chieftain Sand and Proppant, LLC        Case No. _____

Debtor(s)      Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Chris Wright | Class B | 1.174% | Class B |
| DH Holdings, Inc. | Class A | 42.082% | Equity Interests |
| ECO Mezzanine B (Chieftain II IP), LP | Class C | 1.0938025% | Equity Interests |
| ECP (Chieftain) Corp. | Class C | 20.62479% | Equity Interests |
| ECP Mezzanine B (Chieftain I IP), LP | Class C | 1.0938025% | Equity Interests |
| ECP Mezzanine B (Chieftain III IP), LP | Class C | 1.0938025% | Equity Interests |
| ECP Mezzanine B (Chieftain IV IP), LP | Class C | .6562815% | Equity Interests |
| ECP Mezzanine B (Chieftain V IP), LP | Class C | .437521% | Equity Interests |
| Ernst Von Metzsch | Class B | .529% | Equity Interests |
| Feehan Partners LP 3 HAR | Class B | .587% | Equity Interests |
| Grant Whiteside | Class B | .587% | Equity Interests |
| Jerry Mitchell | Class B | .33% | Equity Interests |
| Jim Hillary | Class B | .587% | Equity Interests |
| Jim Powers | Class B | .587% | Equity Interests |

In re:    Chieftain Sand and Proppant, LLC                                    Case No. _____
_____
                            Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| John H.N. Potter II | Class B | .587% | Equity Interests |
| Jon Cummings | Class B | .587% | Equity Interests |
| Lane Hamilton | Class B | .587% | Equity Interests |
| Neal Scott and Amy Drake Jacobs revocabl | Class B | .117% | Equity Interests |
| PV Partners LP 3 HAR | Class B | .587% | Equity Interests |
| Redloh Sand, Inc. | Class A | 21.04% | Equity Intterests |
| Rob Derks | Class B | .5% | Equity Interests |
| Roland Von Metzsch | Class B | .529% | Equity Interests |
| Ron Evans | Class B | .5% | Equity Interests |
| Vic Serri | Class B | 1.5% | Equity Interests |
| Wes Schrader | Class B | 1% | Equity Interests |
| Yohai Borenstein | Class B | 1% | Equity Interests |

List of equity security holders consists of 3 total page(s)

In re:   Chieftain Sand and Proppant, LLC                                    Case No. _____
                                                    _____
                                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Executive Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date      1/9/2017                                    Signature  _____
                                                                Victor A. Serri

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

List of equity security holders consists of 3 total page(s)
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

# United States Bankruptcy Court
## District of Delaware

In re    Chieftain Sand and Proppant, LLC          Case No.

                            Debtor(s)          Chapter    11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Chieftain Sand and Proppant, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

DH Holdings, Inc.

ECP (Chieftain) Corp.

Redloh Sand, Inc.

☐ None [*Check if applicable*]

Date    1/9/17

Howard A. Cohen DE 4082
**Signature of Attorney or Litigant**
Counsel for   Chieftain Sand and Proppant, LLC
Gibbons P.C.
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
302-518-6300 Fax:302-429-6294
hcohen@gibbonslaw.com